UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | | | |
|---|---|---|---|
| DAVID W. MAGNUSON, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | |
| | ) | | JURY DEMANDED |
| COLIN DONNELL, Individually and as an | ) | | |
| agent and/or employee of TRULITE GLASS & | ) | | |
| ALUMINUM SOLUTIONS, LLC; and TRULITE | ) | | |
| GLASS & ALUMINUM SOLUTIONS, LLC, by | ) | | |
| and through its agent and/or employee | ) | | |
| COLIN DONNELL, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## COMPLAINT AT LAW

NOW COMES Plaintiff DAVID W. MAGNUSON, by and through his attorneys, POWER

ROGERS & SMITH, LLP, hereby complaining of Defendants, COLIN DONNELL, individually

and as an agent and/or employee of TRULITE GLASS & ALUMINUM SOLUTIONS, LLC; and

TRULITE GLASS & ALUMINUM SOLUTIONS, LLC, by and through its agent and/or

employee COLIN DONNELL, pleading hypothetically and in the alternative, states as follows:

## JURISDICTION AND VENUE

1. Plaintiff, David Magnuson, is an individual and resident of McHenry County, State of
   Illinois.

2. Defendant, Trulite Glass & Aluminum Solutions, LLC, is a corporation and resident of the
   State of Wisconsin.

3. Defendant, Colin Donnell, is an individual and resident of the State of Wisconsin.

4. The damages sought herein are in excess of $75,000.00, exclusive of interest and costs.

5. The incident herein complained of occurred in the City of Fox River Grove, County of McHenry, State of Illinois, within the Northern District of Illinois.

6. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(1).

## COUNT I

(Negligence – DAVID W. MAGNUSON v. COLIN DONNELL, Individually and as an agent and/or employee of TRULITE GLASS & ALUMINUM SOLUTIONS, LLC)

1. On or about September 18, 2017, and at all times material, Plaintiff DAVID W. MAGNUSON (hereinafter referred to as "MAGNUSON") was an individual and resident of McHenry County.

2. On or about September 18, 2017, and at all times material, Route 14 was a public road which ran in an east and west direction in the City of Fox River Grove, County of McHenry, State of Illinois.

3. On or about September 18, 2017, and at all times material, Defendant COLIN DONNELL (hereinafter referred to as "DONNELL") was a resident of Wisconsin residing on North 73rd Street, City of Milwaukee, State of Wisconsin.

4. On or about September 18, 2017, and at all times material, Defendant TRULITE GLASS & ALUMINUM SOLUTIONS, LLC (hereinafter referred to as "TRULITE") was operating out of an office located at 5700 South Moorland Road, City of New Berlin, State of Wisconsin.

5. On or about September 18, 2017, and at all times material, DONNELL was an agent and/or employee of TRULITE.

6. On or about September 18, 2017, and at all times material, DONNELL was acting within the scope of his agency and/or employment relationship with TRULITE.

7. On or about September 18, 2017, and at all times material, DONNELL was acting within the course of his agency and/or employment relationship with TRULITE.

8. On or about September 18, 2017, and at all times material, TRULITE owned a 2013 International 4300 Truck.

9. On or about September 18, 2017, and at all times material, DONNELL operated, controlled, and drove the aforementioned truck.

10. On or about September 18, 2017, and at all times material, DONNELL was operating the aforementioned truck in the left lane of Route 14 travelling in an eastbound direction.

11. On or about September 18, 2017, and at all times material, MAGNUSON owned and operated a 2002 Dodge Van.

12. On or about September 18, 2017, and at all times material, the vehicle operated by MAGNUSON was travelling in the left lane of Route 14 in an eastbound direction, immediately in front of the truck operated by DONNELL.

13. On or about September 18, 2017, and at all times material, MAGNUSON was stopped at a red light on Route 14 parallel to Foxmoor Road.

14. On or about September 18, 2017, and at all times material, the truck operated by DONNELL struck the rear-end of the vehicle operated by MAGNUSON.

15. On or about September 18, 2017, and at all times material, the aforesaid truck driven by DONNELL was a motor vehicle defined by the Motor Carrier Safety Regulations.

16. On or about September 18, 2017, and at all times material, DONNELL was operating the aforesaid truck and therefore a driver as defined by the Motor Carrier Safety Regulations.

17. On or about September 18, 2017, and at all times material, Defendant DONNELL, individually and as an employee and/or agent of Defendant TRULITE, had an obligation

to comply with all applicable regulations set forth in the Motor Carrier Safety Regulations pursuant to 49 C.F.R. § 390.11.

18. On or about September 18, 2017, and at all times material, DONNELL, individually and as an employee and/or agent of TRULITE, had a duty to exercise ordinary care to avoid colliding with other vehicles including, but not limited to the vehicle MAGNUSON was operating.

19. On or about September 18, 2017, and at all times material, DONNELL, individually and as an employee and/or agent of TRULITE, had a duty to keep a lookout for other vehicles which he should have seen, or which were obviously visible in the roadway.

20. On or about September 18, 2017, and at all times material, DONNELL, individually and as an employee and/or agent of TRULITE, had a duty to operate his vehicle at a speed that was safe for traffic.

21. Notwithstanding the aforesaid duties, DONNELL, individually and as an agent and/or employee of TRULITE, was negligent in one or more of the following ways:

   a. Operating his vehicle in such a manner as to endanger the safety of the Plaintiff, contrary to and in violation of 625 ILCS 5/11-601; or

   b. Carelessly and negligently operating his vehicle at a speed which was greater than reasonable and proper with traffic conditions and the use of the roadway, in violation of 625 ILCS 5/11-601; or

   c. Carelessly and negligently operating his vehicle at an unsafe distance in violation of 625 ILCS 5/11-710; or

   d. Carelessly and negligently failing to decrease his speed as to avoid colliding with another vehicle or person, in violation of 625 ILCS 5/11-601(a); or

   e. Carelessly and negligently failing to give audible warning with the vehicle horn when such warning was reasonably necessary to insure safety, contrary to and in violation of 625 ILCS 5/12-601; or

4

f.   Operated his truck at an excessive rate of speed for the circumstances then existing, contrary to and in violation of 49 C.F.R. § 292.16; or

g.   Failed to keep a safe and proper lookout for other vehicles, contrary to and in violation of 49 C.F.R. § 390.11; or

h.   Failed to properly maintain and operate his truck, contrary to and in violation of 49 C.F.R. § 390.11; or

i.   Carelessly and negligently failing to keep a proper lookout; and

j.   Was otherwise careless and negligent.

22. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of DONNELL, Plaintiff, MAGNUSON, suffered injuries of a personal, pecuniary, and permanent nature; has suffered and will continue to suffer severe pain, discomfort; and has lost the ability to live a normal life. Additionally, MAGNUSON has incurred numerous hospital and medical expenses, as well as lost earnings and wages he otherwise would have earned and acquired.

WHEREFORE Plaintiff DAVID W. MAGNUSON, by and through his attorneys, POWER ROGERS & SMITH, LLP, demands judgment against Defendant COLIN DONNELL, individually and as an agent and/or employee of TRULITE GLASS & ALUMINUM SOLUTIONS, LLC, for such sum of money in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) as shall represent fair and just compensation.

### COUNT II
(Negligence – DAVID MAGNUSON v. TRULITE GLASS & ALUMINUM SOLUTIONS, LLC, by and through its agent and/or employee COLIN DONNELL)

16. Plaintiff restates and realleges paragraphs 1 through 15 of Count I as though set forth verbatim herein.

17. On or about September 18, 2017, and at all times material, Defendant TRULITE, by and through its agent and/or employee DONNELL, was operating the aforesaid truck and therefore a driver as defined by the Motor Carrier Safety Regulations.

18. On or about September 18, 2017, and at all times material, TRULITE, by and through its agent and/or employee DONNELL, had an obligation to comply with all applicable regulations set forth in the Motor Carrier Safety Regulations pursuant to 49 C.F.R. § 390.11.

19. On or about September 18, 2017, and at all times material, TRULITE, by and through its agent and/or employee DONNELL, had a duty to exercise ordinary care to avoid colliding with other vehicles including, but not limited to the vehicle MAGNUSON was operating.

20. On or about September 18, 2017, and at all times material, TRULITE, by and through its agent and/or employee DONNELL, had a duty to keep a lookout for other vehicles which he should have seen, or which were obviously visible in the roadway.

21. On or about September 18, 2017, and at all times material, TRULITE, by and through its agent and/or employee DONNELL, had a duty to operate his vehicle at a speed that was safe for traffic.

22. Notwithstanding the aforesaid duties, TRULITE, by and through its agent and/or employee DONNELL, was negligent in one or more of the following ways:

   a. Operating his vehicle in such a manner as to endanger the safety of the Plaintiff, contrary to and in violation of 625 ILCS 5/11-601; or

   b. Carelessly and negligently operating his vehicle at a speed which was greater than reasonable and proper with traffic conditions and the use of the roadway, in violation of 625 ILCS 5/11-601; or

   c. Carelessly and negligently operating his vehicle at an unsafe distance in violation of 625 ILCS 5/11-710; or

    d.   Carelessly and negligently failing to decrease his speed as to avoid colliding with another vehicle or person, in violation of 625 ILCS 5/11-601(a); or

    e.   Carelessly and negligently failing to give audible warning with the vehicle horn when such warning was reasonably necessary to insure safety, contrary to and in violation of 625 ILCS 5/12-601; or

    f.   Operated his truck at an excessive rate of speed for the circumstances then existing, contrary to and in violation of 49 C.F.R. § 292.16; or

    g.   Failed to keep a safe and proper lookout for other vehicles, contrary to and in violation of 49 C.F.R. § 390.11; or

    h.   Failed to properly maintain and operate his truck, contrary to and in violation of 49 C.F.R. § 390.11; or

    i.   Carelessly and negligently failing to keep a proper lookout; and

    j.   Was otherwise careless and negligent.

23. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of TRULITE, Plaintiff, MAGNUSON, suffered injuries of a personal, pecuniary, and permanent nature; has suffered and will continue to suffer severe pain, discomfort; and has lost the ability to live a normal life. Additionally, MAGNUSON has incurred numerous hospital and medical expenses, as well as lost earnings and wages he otherwise would have earned and acquired.

WHEREFORE Plaintiff DAVID W. MAGNUSON, by and through his attorneys, POWER ROGERS & SMITH, LLP, demands judgment against Defendant TRULITE, by and through its agent and/or employee DONNELL, for such sum of money in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) as shall represent fair and just compensation.

Respectfully Submitted,

POWER, ROGERS & SMITH, L.L.P.

By:   /s/James I. Power            
        Attorney for the Plaintiff

Joseph A. Power, Jr. (ARDC #2244276)
James I. Power (ARDC #6324519)
POWER ROGERS & SMITH, L.L.P.
70 W. Madison Street, # 5500
Chicago, Illinois 60602
Telephone: 312/236-9381
joepower@prslaw.com
jamespower@prslaw.com

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| DAVID W. MAGNUSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | JURY DEMANDED |
| COLIN DONNELL, Individually and as an | ) | |
| agent and/or employee of TRULITE GLASS & | ) | |
| ALUMINUM SOLUTIONS, LLC; and TRULITE | ) | |
| GLASS & ALUMINUM SOLUTIONS, LLC, by | ) | |
| and through its agent and/or employee | ) | |
| COLIN DONNELL, | ) | |
| | ) | |
| Defendants. | ) | |

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully Submitted,

POWER, ROGERS & SMITH, L.L.P.

By:     /s/James I. Power
        Attorney for the Plaintiff

Joseph A. Power, Jr. (ARDC #2244276)
James I. Power (ARDC #6324519)
POWER ROGERS & SMITH, L.L.P.
70 W. Madison Street, # 5500
Chicago, Illinois 60602
Telephone: 312/236-9381
joepower@prslaw.com
jamespower@prslaw.com